914 F.2d 250
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arthur Ardie WILLIAMS, Plaintiff-Appellant,
v.
HALIFAX COUNTY JAIL; Woody Bane, Sheriff, Defendants-Appellees.
 No. 88-7712.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1990.
Decided Sept. 21, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, District Judge. (CA-86-142-D).
 Daphne D. Scrinivasan, Student Counsel, Practicing Law Center, The American University Washington College of Law, Washington, D.C., argued, for appellant; Richard Jeffrey Wilson, Practicing Law Center, the American University Washington College of Law, Washington, D.C., on brief.
 W. Carrington Thomspon, Chatham, Virginia, argued for appellees.
 W.D.Va.
 846 F.2d 75??, APPEAL AFTER REMAND.
 AFFIRMED.
 Before SPROUSE, CHAPMAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Arthur Ardie Williams appeals from the district court's judgment dismissing his 42 U.S.C. Sec. 1983 action against the Halifax County Jail and Sheriff Woody Bane. We affirm.
 
 
 2
 * In May 1986, Williams was arrested and charged with malicious wounding; the charge was later upgraded to murder when Williams' victim died. While awaiting trial at the Halifax County Jail, Williams filed a Sec. 1983 action alleging numerous constitutional violations with respect to conditions at the jail. One allegation claimed that jail officials denied him appropriate access to a law library and, thus, denied him meaningful access to the courts.
 
 
 3
 The district court, pursuant to 28 U.S.C. Sec. 636(b), referred the action to a magistrate. After conducting a full hearing on the merits, the magistrate made findings and recommended to the district court that judgment be granted for the defendants and that the case be dismissed. Williams objected to the magistrate's report, questioning only the magistrate's disposition of his access to the courts claim. In June 1987, the district court, without indicating whether it had conducted a de novo review of the portion of the report to which Williams had objected, as required by 28 U.S.C. Sec. 636(b)(1),[1] adopted the magistrate's report and ordered the case dismissed.
 
 
 4
 In April 1988, we vacated the judgment and remanded to the district court with instructions to conduct a de novo review of the portion of the magistrate's report to which Williams had objected. We also directed the district court to make findings concerning Williams' claim that he was denied adequate access to legal assistance or legal materials in filing his civil rights suit. On remand, the district court, meeting the requirements of Sec. 636(b)(1), reviewed the evidence, adopted the recommendations of the magistrate, entered judgment for the defendants and dismissed the case. Williams again appeals.
 
 II
 
 5
 The magistrate's findings, which we now review as findings of the district court, concluded "that plaintiff wanted the material in order to continue his second guessing [of his] court appointed counsel."[2] Williams now contends that he desired the legal materials to research his civil rights action. Access to the courts, as defined by the Supreme Court, does not require inmate access to a law library when he is represented by counsel. The state satisfies its constitutional obligation to prisoners when it provides them with "adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977) (emphasis added); see also Leeke, 584 F.2d at 1339 (state's statutory program of providing court-appointed counsel satisfied constitutional requirement). Because Williams had appointed counsel to represent him on the charges for which he was incarcerated, the sole issue on appeal is whether the district court was clearly erroneous in its factual finding that Williams' request for use of the law library was only to assist him in the pursuit of his defense in his criminal action where he was represented by counsel.
 
 
 6
 During the hearing, the magistrate examined Williams in detail concerning his desired use of the library facilities. The two engaged in the following colloquies:
 
 
 7
 [MAGISTRATE] CRIGLER: But is it my understanding that [the materials requested by plaintiff] basically revolve around the charges that have been placed against you and whether they're actually in defense of the charges they would involve the charges that you face and you're yet to be tried on?
 
 
 8
 PLAINTIFF: Yes, Sir.
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 [MAGISTRATE] CRIGLER: So you can browse around and at your discretion, basically, based on what you [perceive] to be the situation, look at books and pull the ones that you're interested in and take back and use in your cell or wherever so that you can formulate your own opinion about certain issues that involve these charges?
 
 
 12
 PLAINTIFF: Thank you, that's it.
 
 
 13
 Later during the hearing, Williams again acknowledged the motivation behind his request for legal materials, stating:
 
 
 14
 I want to know the certain things that maybe that could help me that my lawyer, I could say to my lawyer. Because he's a lawyer does not mean that he has my best interests at heart. I'm saying, I'm not getting along with the attorney anyway. I'm having problems with him visiting me.
 
 
 15
 Based on this evidence, the magistrate concluded that Williams' request for legal materials focused on his underlying criminal charges. The district court, conducting a de novo review of the evidence, agreed. After a review of the record, we are persuaded that the district court's finding was not clearly erroneous. The judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Section 636(b)(1); see also Wimmer v. Cook, 774 F.2d 68, 73 (4th Cir.1985)
 
 
 [2]
 During the hearing, Williams also claimed that he wanted access to the library to determine how to remove a detainer lodged against him by parole authorities in the District of Columbia. Williams never sought information from his parole officer on this issue nor did he request counsel, even though he knew he had the right to such counsel. Thus, the magistrate concluded, and the district court concurred, that no constitutional violation occurred. See Williams v. Leeke, 584 F.2d 1336, 1339 (4th Cir.1978), cert. denied, 442 U.S. 911 (1979). Williams had not contended that the lack of access to legal materials concerning his detainer violated his civil rights